**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MISTY DANIELLE BROWN, | No.   19-17270 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-06972-EDL |
| v. | |
| LOUIS DEJOY, Post Master General, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Submitted November 16, 2021**
San Francisco, California

Before:  PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Brown brought a lawsuit under the Rehabilitation Act of 1973, 29 U.S.C.

§ 701 *et seq.*, against the United States Postal Service ("USPS") alleging that

USPS discriminated against Brown on the basis of disability when it removed her

from a letter carrier position and offered her a new position—one that Brown

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

found less desirable but nonetheless accepted. USPS successfully moved for summary judgment, arguing that Brown was not a "qualified individual" under the Act because she could not perform the original position's "essential functions." We affirm.

To state a *prima facie* case of disability discrimination under the Rehabilitation Act, a plaintiff must demonstrate that she is a "qualified individual." *See* 29 U.S.C. § 794(a). "The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The term "essential functions," in turn, refers to the "fundamental job duties of th[at] employment position." 29 C.F.R. § 1630.2(n)(1); *see id.* § 1630.2(n)(2)(i)-(iii) (describing why a "job function may be considered essential"); *see also Dark v. Curry County*, 451 F.3d 1078, 1087 (9th Cir. 2006).

Summary judgment was proper because Brown failed to establish that she could perform the essential functions of her preferred letter carrier position—in particular, certain lifting and carrying duties. USPS argues that "[t]he essential functions of Brown's position included . . . carrying mail weighing up to 35 pounds, and handling containers of mail weighing up to 70 pounds." Evidence in the record, such as a USPS job description, supports that argument, and Brown neither contests that these lifting and carrying duties are an essential function nor

points to any evidence to the contrary. Furthermore, Brown herself has repeatedly admitted that she could not carry mail weighing up to 35 pounds or load or unload containers of mail weighing up to 70 pounds. Accordingly, it is undisputed that Brown could not perform an essential function of the employment position at issue and therefore was not a qualified individual under the Rehabilitation Act.[1]

**AFFIRMED.**

---

[1] The parties dispute whether it would be appropriate to consider a new failure-to-accommodate argument on appeal, but we need not resolve that issue because, regardless, Brown's failure to establish that she was a qualified individual under the Rehabilitation Act defeats her claim that she should still have her original mail carrier position.